**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORRAINE PATTERSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CARLA MILLER; et al., <br><br> Defendants-Appellees. | No. 20-15860 <br><br> D.C. No. 2:15-cv-00321-NVW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Lorraine Patterson appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging that defendant child protective services workers violated her constitutional rights in connection with state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Kohler v. Bed Bath & Beyond, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Patterson's due process claim because Patterson failed to raise a genuine dispute of material fact as to whether the defendant child protective service workers deliberately fabricated or suppressed evidence in connection with the juvenile dependency proceedings. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (describing the standard for a deliberate fabrication of evidence claim in the context of a juvenile dependency proceeding); *see also Greene v. Camreta,* 588 F.3d 1011, 1034-35 (9th Cir. 2009), *vacated in part on other grounds*, 563 U.S. 692 (2011) (judicial deception claim requires a showing that the defendant knowingly made materially false statements or omissions).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**